**JIA ZHOU LIN–CHEN, also known as Jia Chen Lin, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1880–ag.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

Craig T. Donovan, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Elizabeth Stevens, Senior Litigation Counsel, John Devaney, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Jia Zhou Lin–Chen, a native and citizen of China, seeks review of the April 5, 2007 order of the BIA affirming the July 15, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Zhou*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

*Lin–Chen,* No. A98 113 327 (B.I.A. Apr. 5, 2007), *aff'g* No. A98 113 327 (Immig. Ct. N.Y. City, July 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because Lin–Chen failed to challenge the agency's denial of his CAT claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

 Pursuant to our recent decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir.2007) (en banc), Lin–Chen is not *per se* eligible for asylum based on the alleged forced abortion procedure of his wife by traditional marriage. Moreover, regarding his asylum claim based on "other resistance" to China's coercive population control program, *see id.* (citing 8 U.S.C. § 1101(a)(42)), we find that the agency's adverse credibility determina-

tion was supported by substantial evidence.[2]

The multiple specific examples of discrepancies between Lin–Chen's testimony and the record—e.g., his failure to mention in his written statement that his wife made statements criticizing China's family planning policy, the fact that the alleged abortion notice indicated that Lin–Chen himself was to undergo the procedure, and his "many" trips home while supposedly in hiding from Chinese authorities—provided sufficient bases on which the agency could conclude that he was not credible. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin,* 494 F.3d at 305. Although Lin–Chen offered explanations for most of the discrepancies found by the agency, no reasonable fact-finder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Because substantial evidence supports the adverse credibility determination, the agency's denial of Lin–Chen's asylum claim was not improper.

In addition, because the only evidence of a threat to Lin–Chen's life or freedom depended upon his credibility, the adverse credibility determination necessarily precluded success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Judges Pooler and Sotomayor continue to disagree with the majority opinion in *Shi Liang Lin* to the extent it applies beyond unmarried partners, *see Shi Liang Lin,* 494 F.3d at 327 (Sotomayor, *J.,* concurring), but she is bound by court precedent, *see United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004).